IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SHONDELL WILLIAMS                                                                                    PLAINTIFF

v.                                                                                              No. 4:05CV93-P-B

PERRY WILSON, ET AL.                                                                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the complaint of *pro se* prisoner plaintiff Shondell Williams, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this lawsuit. For the reasons set forth below, the instant complaint shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## Facts - As Alleged

The plaintiff alleges he had a dispute with Officer Perry Wilson over whether the plaintiff could use the phone. Wilson then issued the order to lock the plaintiff in isolation for thirty days. The plaintiff protested, asking why he should be locked down for thirty days for asking to use the phone. Wilson ordered the plaintiff to leave "the zone," where the plaintiff was shackled. The plaintiff exchanged words with Wilson on the way to the elevator, when Wilson stated, "I'm tired of you niggers." The plaintiff responded, "I'm tired of you fake police[] harassing me!" At this point, Wilson punched the plaintiff in the face and sprayed him with mace.

## Placement in Isolation

First, placement in isolation is not sufficient punishment for a prisoner to trigger the protections of the Due Process Clause. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally

limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim). *Sandin* is legally identical to the instant case; as such, the plaintiff's claim that he was placed in isolation without the benefit of a hearing shall be dismissed with prejudice.

## Excessive Force

The plaintiff also claims that a prison official used excessive force against a prisoner in violation of the Eighth Amendment. In order to balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order, the Supreme Court has held that to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct.

1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). The Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (citations omitted). A single incident of force or a single blow is *de minimis* and thus does not violate of the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th 1993). In this case, the defendant Wilson struck the plaintiff once, and the plaintiff has not alleged that he suffered any injury. As such, the force used against the plaintiff was *de minimis*, and the plaintiff's claim of excessive force must fail.

In sum, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of April, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE